Mr. Justice Cox
delivered the opinion of the court.
On the fifth day of June, 1872, Mr. Wm. John Miller, a member of the bar, recovered, as executor of James Daly, a judgment against John Ii. Daly for $750. Two days after-wards, June 7,1872, Poole & Plume, merchants of this city, recovered a judgment against the same defendants for $924.12. It appears that the only real estate which the defendants owned consisted of an equity of redemption in an undivided interest in certain lots in this city whicb he held as one of the heirs-at-law of his father, James Daly. On the 30th of December, 1872, Poole & Hume filed a bill against John PI. Daly, in the nature of a creditor’s bill, professedly for their benefit as well as for the benefit of those of his other creditors who might come in and participate in the expenses of the suit. The object of the bill was to apply the equity of redemption of John H. Daly to these two judgments. No other steps were taken in this suit except one which will be referred to. Afterwards there was a partition suit between the heirs-at-law of James Daly, to which *461 John H. Daly was a party, the object being to distribute the proceeds of the property among them. Some time after-wards an order was passed in the two suits consolidating them and giving the judgment creditors the right to share as might be proper in the proceeds whén sold under the partition suit. Mr. Miller, the executor, had filed his-petition as a judgment creditor, coming into the partition suit, and offering to bear his share of the expenses of the suit, evidently intending to file it in the creditor’s suit, but having obtained a judgment, he would get the same benefit under the order consolidating the two cases, as he would have had if he had been originally a party to the creditors’ suit. The court below followed the rule that the judgment creditors were entitled to be paid in the order of their priority, and applied the proceeds to the senior judgment of Mr. Miller, which, consumed the whole of the proceeds. ' This was excepted to by Poole & Hume, and the case comes before us on that exception.
There are three rules in relation to the distribution of the proceeds of an equity of redemption, which have more or less foundation in authority, and were referred to by counsel in the very full discussion which was had of this case. The first, and the one followed by the court below, is that the judgment creditors must be satisfied in the order of their priority in obtaining their judgment. , The second is that the creditor who first files his-bill, although a junior judgment creditor, shall be satisfied in full as a reward for his diligence. The third is that the proceeds shall be treated as equitable assets, and distributed pari passu among all the judgment creditors. We have had grbat difficulty in deciding that either one is the final' rule for this jurisdiction. In many cases the first rule has been followed as such by the court, but we find, on looking into the matter, that there is great doubt as to the weight of authority in favor of that rule. In a later decision of the Supreme Court of the United States, the court modifies the rule considerably, but we do not propose in this case to decide on any of these as the final definite rule on the subject, but to dispose of the mat *462 ter on considerations peculiar to it. It appears that both of these suits were originally in the hands of the same attorney on the common law side of the court; and it further appears' that both of them were ripe for judgment at the same time. Mr. Miller, who, in his representative capacity, appeared as plaintiff in one case, was the attorney for the creditors in the other and we think that the relation between him and them was one involving some obligations ; we conceive that they did not intend to waive any of their rights, but considered that they were entitled to have their judgment entered on the same day as the other creditor whom they employed to appear for them. They could not, however, expect their attorney to give them priority over himself. Without, therefore, determining the question, because we consider it unnecessary to be determined, as to which one of the three rules referred to is to govern us, we shall reverse the decree below, and order the proceeds of this sale to be divided, as seems to us according to the plain justice of the case, pari passu, between these creditors.
The cause will be remanded, in order that such a distribution may be made.